IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNYA COOPER, *individually and as administrator of the Estate of Trebora Talbert*, ) ) ) Plaintiff, ) ) v. ) ) CHICAGO HOUSING AUTHORITY, ) ) Defendant. ) | CASE NO. 23-cv-4891 |

### MOTION TO APPROVE AND ALLOCATE SETTLEMENT

Plaintiff Lynya Cooper, by her undersigned attorneys, respectfully submits the following Motion to Approve And Allocate Settlement:

1. This matter arises out of Plaintiff Lynya Cooper's request to Defendant Chicago Housing Authority for a reasonable alternative housing accommodation for herself and her late daughter Trebora Talbert. Plaintiff asserts that Trebora's disability rendered it unreasonable for Plaintiff and Trebora to continue to live in their second-floor apartment at 121 N. Wolcott and that Defendant failed to provide them with a reasonable alternative housing accommodation in a suitable wheelchair accessible unit between approximately July 6, 2020 and Trebora's passing on September 3, 2022.

2. In particular, Plaintiff asserts that Trebora suffered from a progressive neurological disease that rendered Trebora unable to walk or perform everyday activities for herself and required Trebora to receive assistance performing everyday activities. Plaintiff asserts that she made a request to Chicago Housing Authority for a reasonable alternative housing accommodation in July 2020, but that Chicago Housing Authority did not respond with reasonable alternatives.

3. Plaintiff asserts that Chicago Housing Authority offered a suitable unit at 551 W. Elm in July 2021. But Plaintiff asserts that Chicago Housing Authority took back its offer of the

unit at 551 W. Elm, claiming that Plaintiff's annual income exceeded the $37,300 income limit for a two-person household at the property, while Plaintiff's annual income to date in July 2021 was only approximately $20,000.

4. Plaintiff asserts that, rather than engaging with her in the interactive process, Chicago Housing Authority issued her ultimatums to accept unreasonable alternatives and, at one point, told her there was no connection between her daughter's medical condition and having a housing arrangement close to her daughter's treaters.

5. Plaintiff asserts that, as a result of Chicago Housing Authority's failure to provide a reasonable accommodation, she and Trebora suffered damages, including pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life.

6. Plaintiff asserts that she and Trebora endured 788 days without a reasonable housing accommodation until Trebora passed away on September 3, 2022. Plaintiff asserts that, during this time, she had to assist Trebora with the activities of daily living like getting in and out of bed in cramped quarters that were not big enough for Trebora's wheelchair and medical equipment. Plaintiff asserts that she had to call for an ambulance crew to get Trebora up and down the stairs to their apartment and, as a result, Trebora missed medical appointments.

7. Plaintiff asserts claims on behalf of herself and the Estate of Trebora Talbert. Plaintiff asserts a claim as administrator of Trebora's Estate under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Illinois Human Rights Act, 775 ILCS § 5/101, *et seq.*

8. Plaintiff asserts a claim on behalf of herself under the Fair Housing Act and Illinois Human Rights Act, which permit a person residing or associated with a disabled person to recover damages. 42 U.S.C. §§ 3604(f)(1)-(2), 3613; 775 ILCS §§ 5/3-102.1, 5/10-102.

9. This matter was the subject of a settlement conference before the Court on November 14, 2024. Defendant Chicago Housing Authority's Board subsequently approved a settlement of this matter on January 21, 2025.

10. Plaintiff has agreed to settle her claim and the claim of the Estate of Trebora Talbert for $525,000.00 (Five Hundred Twenty-Five Thousand Dollars).

11. Plaintiff respectfully requests that the Court approve the foregoing settlement.

12. Given that Plaintiff asserts a claim on behalf of herself and on behalf of Trebora's Estate, Plaintiff also requests that the Court make an allocation of the settlement between Plaintiff's claim on behalf of herself and the claim of Trebora's Estate.

13. An allocation is necessary to determine the amount of the settlement that should be distributed to Plaintiff for her personal pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and other damages, and the amount that should be distributed to Trebora's Estate for administration in the Probate Division of the Cook County Circuit Court.

14. The undersigned believes it is most appropriate for the Court rather than the parties to make this allocation.

15. Plaintiff respectfully requests that the Court approve and allocate the foregoing settlement before the parties file their stipulation of dismissal, which is currently due March 14, 2025.

WHEREFORE, Plaintiff Lynya Cooper respectfully requests that the Court approve the settlement of this matter and allocate the settlement between the claim of Ms. Cooper and the claim of the Estate of Trebora Talbert.

| | |
|---|---|
| DATE: March 12, 2025 | Respectfully Submitted,<br><br>LYNYA COOPER, *individually and as administrator of the Estate of Trebora Talbert*<br><br>By: /s/ Marko Duric<br><br>Marko Duric<br>ROBERTSON DURIC<br>One North LaSalle, Suite 300<br>Chicago, Illinois 60602<br>(312) 223-8600<br>marko@robertsonduric.com |