UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNYA COOPER, individually and as Administrator of the Estate of Trebora Talbert, deceased, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| CHICAGO HOUSING AUTHORITY, | ) ) |
| Defendant | ) ) |

No. 23-cv-4891

Magistrate Judge Keri L. Holleb Hotaling

## MEMORANDUM OPINION AND ORDER

Plaintiff LYNYA COOPER, individually and as Administrator of the Estate of Trebora Talbert, deceased, has brought an unopposed MOTION TO APPROVE AND ALLOCATE SETTLEMENT [Dkt. 52] before the Court. That motion is GRANTED, as detailed herein.

Plaintiff brought the instant suit due to Defendant CHICAGO HOUSING AUTHORITY's ("CHA") alleged failure to provide her and her late daughter, Trebora Talbert, with reasonable alternative housing conditions. Ms. Talbert suffered from a progressive neurological disease that rendered her unable to walk or perform everyday activities for herself and required Ms. Talbert to receive assistance performing everyday activities.

Plaintiff asserted that Ms. Talbert's disability rendered it unreasonable for Plaintiff and her daughter to continue to live in their second-floor CHA apartment and that Defendant failed to provide them with a reasonable alternative housing accommodation in a suitable wheelchair accessible unit for 788 days between approximately July 6, 2020 and Ms. Talbert's passing on September 3, 2022. Plaintiff asserts that she made a request to Chicago Housing Authority for a reasonable alternative housing accommodation in July 2020, but that Chicago Housing Authority did not respond with reasonable alternatives and didnot properly engage in the interactive process

1

to resolve the same.

In the instant suit, Plaintiff asserted claims on behalf of herself and the Estate of Trebora Talbert. Plaintiff asserts a claim as administrator of Ms. Talbert's Estate under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., Rehabilitation Act, 29 U.S.C. § 701, *et seq*., Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., and Illinois Human Rights Act, 775 ILCS § 5/101, *et seq*. Plaintiff also asserted a claim on behalf of herself under the Fair Housing Act and Illinois Human Rights Act, which permit a person residing or associated with a disabled person to recover damages. 42 U.S.C. §§ 3604(f)(1)-(2), 3613; 775 ILCS §§ 5/3-102.1, 5/10-102.

This matter was the subject of a thorough and well-negotiated settlement conference before the Court on November 14, 2024. The parties agreed on a settlement in principle at the conclusion of that conference, pending approval by Defendant's Board. On January 21, 2025, Defendant Chicago Housing Authority's Board subsequently approved the settlement in this matter; Plaintiff agreed to settle her claim and the claim of the Estate of Trebora Talbert for $525,000.00 (Five Hundred Twenty-Five Thousand Dollars) total.

Plaintiff now comes before the Court asking for an allocation to determine the amount of the settlement that should be distributed to Plaintiff for her personal pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and other damages, and the amount that should be distributed to Ms. Talbert's Estate for administration in the Probate Division of the Cook County Circuit Court [Dkt. 52]. The Court held a motion hearing on June 11, 2025 on Plaintiff's Motion to Approve and Allocate Settlement [Dkt. 52]. Present in Court were Lynya Cooper (represented by counsel) and counsel for Defendant. Ms. Talbert's half-brother, Robert Talbert, Jr., appeared telephonically. Ms. Talbert's other potential heirs, Robert Talbert, Sr. (Ms. Talbert's biological father), and Gregory Brown (Ms. Talbert's brother) were given notice of this proceeding [Dkt. 61] and failed to appear.

For the reasons stated in open court, the Court finds the settlement amount of $525,000.00 is fair, reasonable, proper, and the result of much negotiation (presided over by this Court). The settlement is approved. It is therefore ordered that Lynya Cooper, individually and as Administrator of the Estate of Trebora Talbert, is hereby authorized to settle the instant cause of action against Defendant Chicago Housing Authority. Ms. Cooper is authorized to execute releases, or any other documents necessary to effect the settlement and release Defendant Chicago Housing Authority from any liability resulting from this action.

The Court also heard testimony as to allocation of the $525,000.00 settlement amount. Ms. Cooper testified personally and as the Administrator of the Estate of Trebora Talbert. Mr. Robert Talbert, Jr. testified personally.

The Court is guided by the following case law regarding allocation: to decide the proper distribution of the funds, the court has the "responsibility of determining the relative dependency of the parties" and the proportionate percentages. *Williams v. Rush-Presbyterian St. Luke's Med. Ctr.*, 899 N.E.2d 1241, 1246 (Ill. App. Ct. 2008). But "dependency" is not defined by statute and "there is no mathematical calculation or formula for determining the division of an award." *Johnson v. Provena St. Therese Med. Ctr.*, 778 N.E.2d 298, 307 (Ill. App. Ct. 2002). In determining any award, the Court is not quantifying the loss Ms. Talbert's family members are experiencing, but rather it is determining the amount they are entitled to receive from the settlement of the instant lawsuit.

Ms. Cooper provided testimony that Robert Talbert, Sr. was not a present father figure in her daughter's life. He was not present for any of Ms. Talbert's seven surgeries, he did not assist with her caregiving in any way or provide any financial assistance to Ms. Cooper or to Ms. Talbert when she was growing up. As Estate Administrator, Ms. Cooper plans to object to any estate distribution to Mr. Robert Talbert, Sr.

Ms. Cooper also provided testimony regarding the relationship between Ms. Talbert and her brother Gregory Brown. Mr. Brown and Ms. Talbert grew up together in the same house and were close siblings. During Ms. Talbert's illness Mr. Brown would pick up her medications and would also assist physically in getting his sister down to the first floor when he was present. Mr. Brown was not Ms. Talbert's primary caregiver.

As stated in open court, due to the fact Ms. Cooper was the sole primary caregiver for her daughter from her illness onset at the age of 9 until her death at 27; the fact that this was a full time, intensive job the last years of Ms. Talbert's life that essentially rendered Ms. Cooper and her daughter homebound due to the conditions of her housing coupled with Ms. Talbert's illness;[1] and the fact that no monies would have been recovered without the diligent pursuit of this lawsuit by Ms. Cooper, the Court determines that Ms. Cooper is personally entitled to the lion's share of the settlement amount from Defendant in this matter, with the remainder to go to the Estate of Trebora Talbert (to be allocated in State Court). While Mr. Talbert, Jr. spoke on the telephone with and occasionally visited Ms. Talbert over the years, he was responsible for none of her caretaking or support.

Therefore, as to allocation of the settlement amount negotiated as part of the instant suit, the Court hereby orders that 95% of the $525,000.00 settlement amount shall go to Lynya Cooper personally and 5% of the settlement amount shall go to the Estate of Trebora Talbert. Specifically, that distribution is as follows:

| Lynya Cooper, individually | 95% | $498,750.00 |
| Estate of Trebora Talbert | 5% | $26,250.00 |

---

[1] The Court specifically recognizes the physical, mental, social, and financial hardship upon a primary caregiver, particularly when caring for someone with a debilitating and terminal illness, as Ms. Cooper was here for her daughter.

Finding no further matters remaining before the Court, IT IS FURTHER ORDERED, that this cause of action be dismissed as to Defendant Chicago Housing Authority, with prejudice. The Court extends its deepest condolences to Ms. Talbert's family for their loss and hopes this matter will bring some closure to a most difficult chapter in their lives.

**ENTERED: June 13, 2025**

_____
United States Magistrate Judge
Hon. Keri L Holleb Hotaling